Robots', J.
 

 The point presented in this case is precisely the first that was ruled in
 
 Williams
 
 v. Oates, 5 Ire. Rep. 535. It was discussed very fully for plaintiff, and the Court- has, therefore, carefully reconsidered it; but without any change of opinion. The statute expressly makes it a felony for the offending party to marry after a divorce, and a felony constituted by a second marriage, “his or her former wife or bus-. band being alive.” So that, the inference is irresistible, that the first marriage is continued, after a divorce, as an impediment to another marriage by that party. In other words,, the decree for the divorce does not, and cannot, confer a ca-
 
 *571
 
 pacify on the party, in fault, to contract a second marriage. The policy of the provision is obvious, being to shut out all temptation to a married person, who is not satisfied with an existing marriage, and wishes to form another, to offend, so as to bring about a divorce on that account, and thus put it in his or her power to effect the purpose, he or she had in view. It may work a hardship in a particular case, and even expose such a party to the danger of committing 'adultery ; but that particular evil is of no signification, when compared with the general mischief of allowing all persons, by acts of impurity of their own, to free themselves from the ties of marriage, and acquire the capacity of forming a connection more agreeable. Such a license would sap the foundations of the most important domestic relation, on which the harmony, respectability and welfare of families, and the public virtue mainly depend. The Court, therefore, unanimously affirms the reasoning and resolution of
 
 Williams
 
 v.
 
 Oates,
 
 and holds that this marriage was void, and that no civil rights accrued to either party under it.
 

 A distinction •was taken between that case and this, that there, the woman, whose second marriage was illegal, claimed to affirm it, and gain rights of property under it; whereas, here, the wife is the one to disaffirm liersecond marriage. Rut the distinction makes no difference, because that which is void in law, concludes no one. Accordingly, it was held in
 
 Irby
 
 v.
 
 Wilson,
 
 1 Dev. and Bat. Eq. 568, upon a bill by the husband’s next of kin against his administrator, and supposed widow, that the defendants might set up the nullity of the marriage as a bar to any share of property, alleged to have belonged to the wife at the marriage, and to have vested in the husband, upon his marriage with a woman, whose first husband was still living. And in
 
 Gathings
 
 v.
 
 Williams,
 
 5 Ire. Rep. 489, the general doctrine is laid down, that a marriage, during the subsistence of a prior marriage, is absolutely void, and that no civil rights of any kind arise out it.
 

 Risk CueiaMj Judgment affirmed.